IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FRANCIS BAUER HARRIS,** : | |
| Plaintiff : | |
| : | |
| v. : | **CIVIL ACTION NO. 12-993** |
| : | |
| **CRAIG W. STEADMAN** : | |
| Defendant : | |
| : | |

**MEMORANDUM OPINION**

**Rufe, J.**                                                                                          **February 11, 2016**

Plaintiff has filed a third *pro se* Motion to Amend the Complaint, which Defendant opposes. For the reasons discussed below, Plaintiff's Motion will be granted in part and denied in part.

**I.     PROCEDURAL HISTORY AND PROPOSED AMENDED COMPLAINT**

On October 4, 1997, Plaintiff was convicted of murder in the first degree in the Lancaster County Court of Common Pleas and a sentence of death was imposed. On March 22, 2004, Plaintiff filed a habeas corpus action in this Court,[1] and on March 30, 2004, this Court appointed the Defender Association of Philadelphia as counsel in the case. On November 22, 2004, Plaintiff filed a petition for review of his conviction in the Lancaster Court of Common Pleas in state court, pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"). Plaintiff's federal habeas action was dismissed without prejudice to allow Plaintiff to exhaust his state PCRA remedies.[2] The PCRA review is ongoing.

On February 17, 2012, Plaintiff, proceeding *pro se*, filed this civil rights action alleging that Lancaster County District Attorney Craig Steadman violated Plaintiff's Fourteenth

---

[1] Civil Action No. 04-1237.

[2] Civil Action No. 04-1237, Doc. 25 No. at 8.

Amendment right to due process of law by refusing to produce certain evidence relevant to Plaintiff's claims in the PCRA proceedings. The case was initially assigned to the Honorable Paul S. Diamond. On March 8, 2012, Judge Diamond dismissed any possibly asserted claim(s) arising under *Brady v. Maryland*. On March 29, 2012, Plaintiff filed his first Motion to Amend in order to clarify that he was not raising a *Brady* claim, seeking to replace the word exculpatory in three different paragraphs of his complaint with the words critical, relevant, or important. The same day, Judge Diamond granted Plaintiff leave to amend in this manner.

On January 13, 2014, the case was reassigned to this Court. On August 18, 2014, Plaintiff filed a second *pro se* Motion to Amend the Complaint, lacking a proposed amended complaint as an attachment to the motion. The Court denied the Motion without prejudice.

On March 16, 2015, Plaintiff filed a third *pro se* Motion to Amend the Complaint, in which he attached a Proposed Amended Complaint that includes four new allegations. First, Plaintiff seeks to amend his complaint to allege that Defendant has custody and control over and has failed to produce to Plaintiff "the fingernail scrapings taken from victim for testing, as well as any test results already obtained by the state for this evidence." Plaintiff seeks a judgment that he is entitled to this evidence.[3] Second, Plaintiff seeks to include an allegation that he has asked his attorney in the PCRA proceedings to request a reconsideration of the PCRA court's denial of his request for evidence.[4] Third, in the "Claim for relief" section of his complaint, Plaintiff seeks to allege that "[g]iven that prisoners possess a right of effective access to the court system, a governmental decision to deny access to evidence with the intent and effect of preventing a

---

[3] Pl.'s Mot. to Amend, Doc. No. 59 at 9, 20.

[4] Pl.'s Mot. to Amend, Doc. No. 59 at 17.

prisoner from exercising his right, would violate due process."[5] Fourth, in this same section, Plaintiff seeks to add an allegation that he "seeks redress from an injury that existed in its exact form prior to the state judgement. Thus the pre-existing injury in this case is properly understood to have been simply ratified, aquiesed *[sic]* to, or left unpunished by the state court."[6]

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of pleadings with leave of court, and directs that courts "should freely give leave when justice so requires."[7] Leave should be granted unless: (1) an amendment would be futile or there has been undue delay in the amendment; (2) the court finds bad faith or dilatory motive by the moving party; (3) an amendment would cause prejudice to the non-moving party; or (4) the moving party has demonstrated repeated failure to cure deficiency by amendments previously allowed.[8]

Amendment is futile if a proposed amended complaint is "frivolous or advances a claim or defense that is legally insufficient on its face."[9] "However, given the liberal standard for the amendment of pleadings, courts place a heavy burden on opponents who wish to declare a proposed amendment futile."[10] If a proposed amendment is not clearly futile, then denial of leave to amend is improper.[11] A court may deny a request for leave to amend based on futility only where the complaint, as amended, would fail to state a claim upon which relief could be

---

[5] Pl.'s Mot. to Amend, Doc. No. 59 at 20.

[6] Pl.'s Mot. to Amend, Doc. No. 59 at 20.

[7] Fed. R. Civ. P. 15(a).

[8] *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (citing *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)).

[9] *Thomas v. SmithKline Beecham Corp.*, No. 00-2948, 2002 WL 32351172, at *3 (E.D. Pa. Sept. 5, 2002).

[10] *Aruanno v. New Jersey*, No. CIV. A. 06-0296 WJM, 2009 WL 114556, at *2 (D.N.J. Jan. 15, 2009).

[11] Wright, Miller & Kane, 6 Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2012).

granted.[12] In determining whether the proposed amendment states a plausible claim, the court must consider only those facts alleged in the proposed amended complaint, accepting the allegations as true and drawing all logical inferences in favor of the plaintiff.[13] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations and a proposed amended complaint must contain "enough facts to state a claim to relief that is plausible on its face."[14]

## III. DISCUSSION

Defendant argues that Plaintiff's Motion should be denied because amendment would be futile for three reasons: (1) Plaintiff's Proposed Amended Complaint is nearly identical to his prior Complaints, (2) the Proposed Amended Complaint fails to state a claim for relief because Defendant is entitled to absolute immunity, and (3) Plaintiff has failed to exhaust state law remedies.

### A. Similarity to Original Complaint

Defendant first argues that amendment would be futile because Plaintiff's Proposed Amended Complaint is too similar to his original pleading and includes only small, irrelevant changes. The Court agrees that three of the four changes Plaintiff seeks are irrelevant to his claims.[15] However, Plaintiff's allegation that Defendant has withheld the victim's fingernail

---

[12] *Anderson v. City of Philadelphia*, 65 F. App'x 800, 801 (3d Cir. 2003).

[13] *ALA, Inc. v. CCAIR, Inc.*, 29 F.3d 855, 859 (3d Cir. 1994); *Farzan v. United Parcel Serv., Inc.*, No. 10-1417, 2011 WL 3510860, at *1 (D.N.J. Aug. 8, 2011); *Fay v. Muhlenberg Coll.*, No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).

[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 570 (2007).

[15] The three irrelevant allegations include: (1) the allegation that Plaintiff has asked his attorney in the PCRA proceedings to request a reconsideration of the PCRA court's denial of his request for evidence, (2) his allegation stating: "[g]iven that prisoners possess a right of effective access to the court system, a governmental decision to deny access to evidence with the intent and effect of preventing a prisoner from exercising his right, would violate due process" and (3) the allegation that he "seeks redress from an injury that existed in its exact form

4

scrapings and the results from testing this evidence is relevant to Plaintiff's claim that Defendant violated his Fourteenth Amendment due process right by withholding evidence that may demonstrate his innocence. Because Plaintiff seeks injunctive relief, including the release of all evidence Defendant has allegedly withheld, it is appropriate to permit Plaintiff the opportunity to amend the complaint to include all of the evidence he seeks.

### B.   Absolute Immunity

Next, Defendant contends that amendment would be futile because Plaintiff's claims are barred by absolute immunity and the Proposed Amended Complaint thus fails to state a claim upon which relief can be granted.

Prosecutors have absolute immunity from monetary damages for activities that are "intimately associated with the judicial phase of the criminal process"[16] and have "the burden of showing that [absolute immunity] is justified by the function in question."[17] However, absolute immunity does not extend to claims for declaratory or injunctive relief.[18]

As Plaintiff's Proposed Amended Complaint does not seek monetary damages, Defendant is not entitled to absolute immunity. To the extent that Plaintiff's request for "such other relief if the court deem it proper" can be construed as a request for monetary damages,[19] amendment is still not futile because it is not clear from the face of Plaintiff's complaint that

---

prior to the state judgement. Thus the pre-existing injury in this case is properly understood to have been simply ratified, aquiesed *[sic]* to, or left unpunished by the state court." Pl.'s Mot. to Amend, Doc. No. 59 at 17-20.

[16] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

[17] *Burns v. Reed*, 500 U.S. 478, 478 (1991).

[18] *Martin v. Keitel*, 205 F. App'x 925, 928 (3d Cir. 2006).

[19] *See e.g., Vollette v. Watson*, 937 F. Supp. 2d 706, 722 (E.D. Va. 2013) ("It is unclear whether…[Plaintiffs' request for] 'other relief' includes a claim for monetary damages."); *Brown v. Herbert*, 43 F. Supp. 3d 1229, 1231 (D. Utah 2014) (finding "Defendant was adequately on notice that Plaintiffs were seeking money damages" where Plaintiffs' complaint sought "any other relief that this Court may order.").

Defendant's alleged conduct was "intimately associated with the judicial phase of the criminal process."[20] In *Yarris v. City of Delaware*, the plaintiff similarly alleged that prosecutors violated his Fourteenth Amendment rights by withholding exculpatory evidence after the plaintiff had been convicted and sentenced to death.[21] The Third Circuit held that to be absolutely immune "[a]fter a conviction is obtained, the challenged action must be shown by the prosecutor to be part of the prosecutor's continuing personal involvement as the state's advocate in adversarial post-conviction proceedings."[22] The Proposed Amended Complaint makes no allegations from which the Court can infer that Defendant is the state's advocate in Plaintiff's PCRA proceedings.[23] Amendment is not futile on the basis of absolute immunity.

### C. Exhaustion

Finally, Defendant argues that Plaintiff's Proposed Amended Complaint fails to state a claim for relief because Plaintiff has failed to exhaust his state law habeas remedies before filing this § 1983 action. While Plaintiff is required to exhaust his state law habeas remedies before filing a federal habeas petition,[24] he is not required to exhaust state law remedies under § 1983.[25]

---

[20] *Imbler*, 424 U.S. at 430.

[21] *Yarris v. Cty. of Delaware*, 465 F.3d 129, 136, 137 (3d Cir. 2006). Plaintiff's Proposed Amended Complaint can be read to allege that Defendant's *present* withholding of evidence violates his constitutional rights. Plaintiff avers that Defendant has "so far refused to turn over any of the requested items" and that "Defendant's *continued* withholding of this evidence" violates his rights. Pl.'s Mot. to Amend, Doc. No. 59 at 4, 9 (emphasis added).

[22] *Id.* at 137.

[23] *Munchinski v. Solomon*, 618 F. App'x 150, 156 (3d Cir. 2015) ("Because the Amended Complaint does not allege that [the prosecutor] was involved in subsequent collateral attack proceedings, it is not apparent from its face whether he is entitled to absolute immunity for the alleged misconduct following the first PCRA proceeding. Thus, the motion to dismiss on immunity grounds based on this allegation was properly denied."); *Brody v. Hankin*, 145 F. App'x 768, 771 (3d Cir. 2005) (holding that, on a motion to dismiss, the factual predicate establishing an affirmative defense must be "apparent from the face of the complaint.").

[24] 28 U.S.C. § 2254 ("An application for *a writ of habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that...the applicant has exhausted the remedies available in the courts of the State.") (emphasis added).

Plaintiff's Proposed Amended Complaint therefore is not legally insufficient for allegedly failing to exhaust state court remedies and amendment is not clearly futile.

## IV. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff's Motion to Amend the Complaint in part and permit Plaintiff to amend his complaint only to include allegations that Defendant failed to produce the victim's fingernail scrapings and test results of this evidence, and that Plaintiff seeks a judgment that he is entitled to this evidence. An appropriate Order will follow.

---

[25] *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 516 (1982) ("[W]e conclude that exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983."); *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994).