IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS BAUER HARRIS,**<br>Plaintiff | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 12-993 |
| **CRAIG W. STEADMAN,**<br>Defendant | : <br> : <br> : | |

**MEMORANDUM OPINION**

**RUFE, J.**                                                                                             **OCTOBER 24, 2016**

Before the Court is the motion to dismiss of Defendant Craig W. Steadman. For the reasons that follow, the motion is granted.

**I.   BACKGROUND**

The factual and procedural history concerning Plaintiff's Complaint is recounted in the Court's February 11, 2016 Memorandum Opinion.[1] In short, Plaintiff was convicted of first-degree murder and sentenced to death in 1997. In 2004, Plaintiff filed a habeas corpus action in this Court,[2] and then filed a petition for review of his conviction in state court under Pennsylvania's Post Conviction Relief Act ("PCRA"). Plaintiff's federal habeas petition was dismissed without prejudice to allow Plaintiff to exhaust his state PCRA remedies.[3] The PCRA review is still ongoing.

On February 17, 2012, Plaintiff, proceeding *pro se*, filed this § 1983 action alleging that Lancaster County District Attorney Craig Steadman violated Plaintiff's Fourteenth Amendment right to due process of law by refusing to produce certain evidence relevant to Plaintiff's claim in

---

[1] Doc. No. 87.

[2] Civil Action No. 04-1237.

[3] Civil Action No. 04-1237, Doc. No. 25 at 8.

the PCRA proceedings, and seeking a judgment that Plaintiff is entitled to such evidence as well as fees and costs.[4]  As relevant here, on February 11, 2016, the Court granted in part and denied in part Plaintiff's motion to amend his complaint to include new allegations, including that Defendant failed to produce the victim's fingernail scrapings and test results concerning those scrapings.[5]  Defendant now moves to dismiss on two grounds:  (1) that the Court should abstain from proceeding with this matter pursuant to the *Younger* abstention doctrine; and (2) that Defendant's claims are time-barred by the statute of limitations.[6]

## II. STANDARD

Defendant moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) (*Younger* abstention) and 12(b)(6) (statute of limitations).  "When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot."[7]  "Because the Court concludes that the doctrine of *Younger* abstention compels dismissal, further discussion of the legal standard for Rule 12(b)(6) is unnecessary."[8]

"A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint."[9]  Faced with a Rule 12(b)(1) motion, the plaintiff has "the burden of proof that jurisdiction does in fact exist."[10]  "A Rule 12(b)(1) motion may be

---

[4] Doc. No. 3 at 20.

[5] Doc. No. 87.

[6] Doc. No. 93.

[7] *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993).

[8] *Dickerson v. Bank of Am., N.A.*, Civil No. 12-03922 (RBK/KMW), 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (unpublished).

[9] *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Dig. Sols., Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002)).

[10] *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).

treated as either a facial or factual challenge to the court's subject matter jurisdiction."[11]  "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."[12]  "In reviewing a factual attack, the court may consider evidence outside the pleadings."[13]

### III. ANALYSIS

In *Younger v. Harris*, "the Supreme Court held that, unless there were extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions," out of concern for "traditional principles of equity" and "considerations of comity."[14]  For the *Younger* doctrine to apply:  "(1) there must be ongoing state proceedings that are judicial in nature; (2) the state proceedings must implicate important state interests; and (3) the state proceedings must afford an adequate opportunity to raise federal claims."[15]  Even if these elements are met, "*Younger* abstention is not appropriate if the federal plaintiff can establish that (1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist . . . such that deference to the state proceeding will present a significant and immediate potential for irreparable harm to the federal interests asserted."[16]

All three elements for *Younger* abstention are met here:  Defendant's PCRA proceedings are ongoing, Pennsylvania's enforcement of its criminal laws and review of its criminal procedures are undoubtedly important state interests, and the PCRA proceedings provide

---

[11] *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted).

[12] *Id.* (citations omitted).

[13] *Id.* (citation omitted).

[14] *Anthony v. Council*, 316 F.3d 412, 417-18 (3d Cir. 2003) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)).

[15] *Id.* (quoting *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)) (alterations omitted).

[16] *Id.* (citation omitted)

Defendant a forum to raise issues concerning the wrongful withholding of evidence.[17] Faced with similar circumstances, the Court of Appeals and district courts in the Third Circuit have held that *Younger* abstention is warranted.[18] Plaintiff's case is no different. The Court thus sees no reason to intervene in Plaintiff's long-running state-level efforts to challenge his conviction while those proceedings are ongoing.

Although all of the elements for *Younger* abstention are met here, Plaintiff also argues that "extraordinary circumstances" and "bad faith" exist—namely, that Plaintiff faces the death penalty and raises claims of prosecutorial misconduct—such that abstention is inappropriate.[19] As to extraordinary circumstances, the Supreme Court has explained that circumstances justifying an exception to the *Younger* doctrine "must be 'extraordinary' in the sense of creating an extraordinarily pressing need for immediate federal equitable relief."[20] Here, there is no

---

[17] Because Plaintiff's pending PCRA proceedings are referenced in the Complaint and Amended Complaint, *e.g.*, Doc. No. 59 at 6-7, the Court need not look beyond the Complaint to resolve Defendant's motion on abstention grounds, and therefore treats Defendant's challenge as a facial attack on jurisdiction. Even if the pending PCRA proceedings were somehow beyond the scope of the Complaint, however, they would properly be subject to judicial notice. *E.g.*, *Perry v. Diguglielmo*, Civil Action No. 06-1560, 2008 WL 564981, at *1 n.1 (W.D. Pa. Feb. 29, 2008) (taking judicial notice of filings in PCRA proceedings).

[18] *See Peay v. Massiah-Jackson*, 133 F. App'x 31, 32-33 (3d Cir. 2005) (finding that to the extent plaintiff "sought an injunction to force the PCRA courts to allow him to proceed *pro se* or to bar a pending state criminal proceeding, *Younger* and its progeny barred such relief") (citation omitted); *Ridge v. Campbell*, 984 F. Supp. 2d 364, 375 (M.D. Pa. 2013) (applying *Younger* and abstaining from deciding § 1983 claim where Plaintiff's PCRA petition was still pending because "Pennsylvania's enforcement of criminal laws and the administration of its judicial system are vital state interests" and "the PCRA proceeding provides a forum for Plaintiff to raise constitutional issues"); *see also Hockenberry v. Harry*, Civil Action No. 3:14-cv-1881, 2014 WL 5761270, at *2-3 (M.D. Pa. Nov. 5, 2014) (finding abstention appropriate where habeas petitioner sought discovery in pending PCRA proceedings in part because these remedies would "interfere with pending state proceedings"); *Ellis v. Mondello*, No. Civ. A.05-1492 (MLC), 2005 WL 1703194, *3 (D.N.J. July 20, 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there."). *But see Death Row Prisoners of Penn. v. Ridge*, 948 F. Supp. 1258, 1267 (E.D. Pa. 1996) (finding *Younger* abstention not warranted where prisoners sought relief pertaining to federal habeas proceedings and prisoners could not raise such claims in pending state proceedings).

[19] Doc. No. 99 at 6.

[20] *See Kugler v. Helfant*, 421 U.S. 117, 125 (1975) (holding that allegations that members of the New Jersey Supreme Court coerced testimony, among other misconduct, did not satisfy "extraordinary circumstances" exception because state-level procedural safeguards existed to ensure defendant was not denied due process of law).

pressing need for immediate federal relief because Plaintiff may renew his claims in this civil suit, or by federal habeas petition, once his PCRA proceedings have concluded.

Plaintiff also argues that the District Attorney's failure to turn over relevant evidence constitutes bad faith and shows that Plaintiff will be deprived of an adequate remedy in state court.[21] But Plaintiff offers no convincing argument as to why the District Attorney's alleged misconduct has tainted the entire state-level appeals process such that Plaintiff requires federal intervention before Plaintiff's PCRA petition is resolved.[22] Abstention is thus appropriate, and the Court does not reach Defendant's statute of limitations argument.[23] However, because Plaintiff seeks attorneys' fees and costs, as well as injunctive relief, this case is stayed, rather than dismissed.[24]

## IV. CONCLUSION

For the reasons stated above, Defendant's motion is granted. An appropriate Order will be entered.

---

[21] Doc. No. 99 at 6-7.

[22] *See Kugler*, 421 U.S. at 124-27 (finding no bias exception to *Younger* was warranted where plaintiff's claims of judicial misconduct did not show "that the objectivity of the entire [state] court system has been irretrievably impaired so far as [plaintiff] is concerned"); *Mikhail v. Kahn*, 991 F. Supp. 2d 596, 631 (E.D. Pa. 2014) (finding, in civil case, plaintiff's conclusory allegations that certain judges were bribed or had conspired against him did not show that state court proceedings were biased).

[23] Plaintiff's primary response to Defendant's statute-of-limitations argument appears to be that Plaintiff was not aware that he could bring his current § 1983 claim until the Supreme Court's 2011 decision in *Skinner v. Switzer*, Doc. No. 99 at 5, which held that a prisoner may bring a postconviction claim for DNA testing under § 1983. *See Skinner v. Switzer*, 562 U.S. 521, 524 (2011). Even assuming Plaintiff's confusion regarding the governing law tolled the two-year statute of limitations for § 1983 actions (which the parties agree applies), there appears to be case law prior to *Skinner* (and pre-dating Plaintiff's lawsuit by more than two years) suggesting that Plaintiff could have sought DNA testing via § 1983. *See Grier v. Klem*, 591 F.3d 672, 679 (3d Cir. 2010) (holding "that a party can use a § 1983 claim to request access to evidence for postconviction DNA testing"). Nevertheless, because the Court abstains on *Younger* grounds, and because Defendant has not addressed Plaintiff's argument, the Court will not reach the statute of limitations issue. The parties are advised, however, to address this point in any future briefing.

[24] *See Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988) (explaining that when abstaining, district courts should "stay rather than dismiss claims that are under consideration in ongoing state proceedings") (citations omitted); *see also Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) (explaining that "even if the *Younger* doctrine requires abstention here, the District Court has no discretion to dismiss rather than to stay claims for monetary relief that cannot be redressed in the state proceeding").